# Hart *v.* Downing, Appellant.

*Will—Advancements—Equalization — Annuity — Devise of real estate.*

Where a testator for the purpose of equalizing advancements previously made to children and other grandchildren gives to a grandchild the sum of twelve hundred dollars per annum, until final distribution, and further authorizes his executor to transfer to such grandchild a house and lot for a home "the value of said property to be charged to her as a part of the portion of my estate that will be coming to her on making final distribution," the conveyance by the executor to the granddaughter of the house in question will not affect thereafter the payment to her of the twelve hundred dollars per annum.

Such a construction of the will is borne out by the fact that a daughter of the testator who had received no advancements, and other beneficiaries, were given homes to live in on which the taxes, insurance and repairs were to be paid by testator's estate. The granddaughter is not to suffer a deduction because she received a less desirable bequest in that the burden is placed upon her to pay the taxes and insurance, and to keep the property in repair while the estate is relieved therefrom.

The contention that the granddaughter might sell the house, and, in the case of a failure of issue, reduce the distributive estate, thus producing an inequality, is untenable. How much more could the other children and grandchildren reduce the distributive estate in case they died without issue, having expended the sums given them in advancement.

Argued April 8, 1918. Appeal, No. 21, April T., 1918, by defendant, from judgment of C. P. Erie Co., Feb. T., 1917, No. 193, for plaintiff on case stated in suit of Natalie Downing Hart v. Frederick B. Downing, Executor of the Estate of Jerome Francis Downing, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Case stated to determine whether certain payments should be made by the defendant, to the plaintiff, under the will of Jerome Francis Downing, deceased.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Clark Olds,* for appellant.

*John B. Brooks,* with him *Charles H. English,* for appellee.

OPINION BY WILLIAMS, J., July 10, 1918:

The case stated contains the following excerpts from the will of Jerome Francis Downing, deceased: "Section 4. Coming to the distribution of the net income of my estate among the beneficiaries under this will, pending the distribution of the principal, it is to be understood that I have made large advances to my two surviving sons,......to my daughter,......and to my granddaughter.......This makes it proper to pay to my other children or beneficiaries under this will, to whom corresponding advances have not been made, certain yearly allowances, to be first paid from the income of my estate, before making the general distribution to all of the said beneficiaries, as hereinafter provided. Said allowances or yearly payments, I direct to be paid as follows: To my beloved daughter, Henrietta Ella and to her daughter Isabel, the two together, the sum of $2,000......to also have the free use of the house, No. 916 Myrtle street, Erie, Pennsylvania; the taxes; insurance and repairs to be paid by estate.......To my granddaughter, Natalie W. Downing, the sum of $1,200 per annum.......Section 10.......I further authorize my executor to transfer to said granddaughter, Natalie, my house and lot on West Seventh street, Erie, Pa., for a home; the value of said property......to be charged to her as a part of the portion of my estate that will be coming to her on making final distribution."

The question submitted to the court below was

"whether the conveying to Natalie Downing Hart of the said piece of real estate on West Seventh street in any way affects the payment to her of the $1,200 per annum; whether the......executor should continue to pay to Natalie Downing Hart the $1,200 per annum until final distribution of the estate."

The court below held the executor must continue to pay the $1,200.

Conceding that the general intent of the testator might have been to establish an equality as to the beneficiaries, it does not follow that the construction put upon the will operates to defeat this intent. It will be noted that the daughter, Henrietta Ella and her daughter, and other beneficiaries, are given homes to live in, and the testator provides that the estate shall pay the taxes, insurance and repairs. The daughter, Henrietta Ella, belongs to the class which received no advancements, yet she gets her home free of all charges. Did the testator intend that she should suffer a deduction on this account? We think not. Nor is Natalie to suffer a deduction because she receives a less desirable bequest, in that the burden is placed upon her to pay the taxes and insurance and to keep the property in repair, while the estate is relieved therefrom. The contention that she might sell the house, and, in the case of a failure of issue, reduce the distributive estate, thus producing an inequality, is untenable. How much more could the other children and grandchild reduce the distributive estate in case they died without issue, having expended the sums given them in advancement.

The judgment is affirmed.